**WEISS & PAARZ, P.C.**
By:   SARAH A. ROZALIS, ESQ. (ID No. 327890)
srozalis@weisspaarz.com
1800 JFK Blvd., Suite 906
Philadelphia, PA 19103
(800) 952-8444 Phone / (609) 641-4087 Fax                    Attorney for Plaintiff

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| ELIZABETH KIMMEL, | |
|---|---|
| *Plaintiff,* | **CIVIL ACTION NO:** |
| v. | **COMPLAINT** |
| JOSEPH M. ARDITO, M.D.; HEAD & NECK ASSOCIATES OF SOUTHEASTERN PENNSYLVANIA; PINNACLE ENT ALLIANCE, LLC d/b/a PINNACLE ENT ASSOCIATES, LLC; MAIN LINE HEALTH, INC.; PAOLI HOSPITAL; JOHN/JANE DOE EMPLOYERS A-Z (multiple fictitious employing entities); | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

## PARTIES

1. Plaintiff, Elizabeth Kimmel (hereinafter "Ms. Kimmel" or "Plaintiff"), is a citizen of the state of Connecticut, residing at 26 Twin Oak Trail, Beacon Falls, Connecticut 06403.

2. Upon information and belief, at all times relevant hereto, defendant Joseph M. Ardito, M.D. (hereinafter "defendant Ardito") is a physician licensed to practice medicine in the Commonwealth of Pennsylvania, practicing in the field of Otolaryngology at Head & Neck Associates of Southeastern Pennsylvania and/or Pinnacle ENT Alliance, LLC d/b/a Pinnacle ENT Associates, LLC, as an employee, agent and/or apparent agent of Head & Neck Associates of Southeastern Pennsylvania and/or Pinnacle ENT Alliance, LLC d/b/a Pinnacle ENT Associates, LLC, located

1

at 15 Industrial Blvd, Suite #102, Paoli, Pennsylvania 19301; Paoli Hospital, a division of Main Line Health, Inc., located at 255 W Lancaster Ave, Paoli, PA 19301 and/or John/Jane Doe Employers A-Z located at an unknown address. A Certificate of Merit pursuant to Pa. R. Civ. P. 1042.1 regarding the treatment, practice, or work of this defendant is attached hereto as **Exhibit A.**

3. Upon information and belief, at all times relevant hereto, defendant Head & Neck Associates of Southeastern Pennsylvania (hereinafter "Head & Neck Associates") represents (or during the relevant time, represented) a health care facility providing Otolaryngologic specialty care to the general public and located at 15 Industrial Blvd, Suite #102, Paoli, Pennsylvania 19301. A Certificate of Merit pursuant to Pa. R. Civ. P. 1042.1 regarding the treatment, practice, or work of this defendant is attached hereto as **Exhibit A**.

4. Upon information and belief, at all times relevant hereto, defendant Pinnacle ENT Alliance, LLC d/b/a Pinnacle ENT Associates, LLC (hereinafter "Pinnacle ENT Associates") is a health care facility providing Otolaryngologic specialty care to the general public and located at 15 Industrial Blvd, Suite #102, Paoli, Pennsylvania 19301. A Certificate of Merit pursuant to Pa. R. Civ. P. 1042.1 regarding the treatment, practice, or work of this defendant is attached hereto as **Exhibit A**.

5. Upon information and belief, at all times relevant hereto, defendant Paoli Hospital, a division of Main Line Health, Inc., located at 255 W Lancaster Ave, Paoli, PA 19301 (hereinafter "Paoli Hospital") held itself out as a professional medical association, employing agents, servants, and employees who possess skill, training, and diligence for the purpose of rendering healthcare services to the general public, with a principal place of business in the Commonwealth of Pennsylvania, and incorporated under the laws of the Commonwealth of Pennsylvania. A

Certificate of Merit pursuant to Pa. R. Civ. P. 1042.1 regarding the treatment, practice, or work of this defendant is attached hereto as **Exhibit A**.

6. Upon information and belief, at all times relevant hereto, defendant Main Line Health, Inc. is a healthcare network serving portions of Philadelphia and its western suburbs, and comprised of a series of hospitals, health centers, private physician practices, rehabilitation locations, and other miscellaneous outpatient care facilities. A Certificate of Merit pursuant to Pa. R. Civ. P. 1042.1 regarding the treatment, practice, or work of this defendant is attached hereto as **Exhibit A**.

7. Upon information and belief, at all times relevant hereto, defendant John/Jane Doe Employers A-Z (fictitious name for unknown employers) are citizens or corporations incorporated under the laws of a State of the United States that employed any of the parties that participated in any way in the plaintiff's care beginning on 12/12/13.

## JURISDICTION AND VENUE

8. The United States District Court for the Eastern District of Pennsylvania has subject matter jurisdiction over this matter pursuant 28 U.S.C.A. § 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

9. Venue is proper pursuant to 28 U.S.C.A. § 1391 and is appropriate in the United States District Court for the Eastern District of Pennsylvania specifically because all defendants reside in, and/or a substantial part of the events or omissions giving rise to this claim occurred in, Chester County, Pennsylvania, which is considered a part of the Eastern District territory.

## FACTUAL BACKGROUND

10. On or about 12/6/13, plaintiff Elizabeth Kimmel became a patient of defendants Head & Neck Associates and/or Pinnacle ENT Associates upon seeking a surgical consult for blocked sinuses status-post apicoectomy (a dental procedure).

11. On 12/12/13, defendant Ardito performed a left maxillary antrostomy with excision on plaintiff at defendant Paoli Hospital.

12. Plaintiff's 12/12/13 operative report notes "AFRIN cottonoid was placed in the left nostril" in its first paragraph and that after irrigation of the sinus, an "AFRIN cottonoid was placed as well, which should be removed in 1 hour."

13. On a corresponding surgical count sheet dated 12/12/13, 10 cottonoids are initially counted, 10 cottonoids appear in the "Closing Counts" section, and a final count is checked off as "Correct".

14. On 1/7/14, plaintiff saw defendant Ardito in follow-up to her surgery and reported increased left sided pain and tenderness, for which he recommended a topical compound / nasal irrigation.

15. On 1/20/14, plaintiff returned to defendant Ardito reporting a 50% improvement in her ongoing symptoms and he advised she follow-up in 4 weeks and continue to use a topical local compound and a humidifier in the meantime.

16. On 2/19/14 plaintiff saw Otolaryngologist Christopher Hove, MD and reported pressure in the sinus on the left side for 2-3 days in addition to upper tooth pain and left cheek fullness, for which he prescribed Bactrim, Prednisone, and a hypertonic saline irrigation routine with baby shampoo.

17. On 3/19/14 plaintiff returned to Christopher Hove, MD reporting improvement with ongoing tooth ache.

18. On 7/21/14 plaintiff returned to defendant Ardito reporting worsening symptoms since her last visit, periods of debris from her nose, and aggravating symptoms whenever she ceases to irrigate with baby shampoo.

Case 2:21-cv-01994-CFK   Document 1   Filed 04/30/21   Page 5 of 15

19. On 7/21/14, defendant Aridto suggested plaintiff track whether her symptoms increase once she stops her baby shampoo irrigation routine, further advising her to return in 3 weeks and he will re-culture her and plan on sinus ventilation with medication to control biofilms.

20. On 8/7/14 plaintiff returned to defendant Ardito with increased and worsening symptoms on the left side after stopping her baby shampoo irrigation routine along with increased purulence.

21. On 8/7/14 defendant Ardito cultured purulent drainage from plaintiff's left ostiomeatal complex ("OMC") and performed a nasal endoscopy.

22. On 8/8/14 plaintiff's pathology report of defendant Ardito's 8/7/14 culture was positive for staph, auereus and MRSA.

23. On 8/20/14 plaintiff returned to defendant Ardito reporting the sinus rinse with baby shampoo helps "just alittle" and after reviewing her culture results, defendant Ardito recommended plaintiff resume compound nebulizer for staph / MRSA and return in 1 month for a follow-up visit.

24. . On 9/8/14 endodontic specialist Bruce R. Terry, D.M.D. sent a letter to defendant Ardito advising he completed a one-year follow-up with plaintiff and although she has mild sensitivity to tooth #13, he does not believe the positive MRSA in her maxillary sinus area is the result of a tooth issue, further advising he told plaintiff to defer to, and follow up with, her ENT.

25. On 9/10/14 plaintiff returned to defendant Ardito advising her sinus is worse, that she feels "lots of pressure", and that she saw an endodontist who "said it is not the tooth".

26. On 9/10/14 defendant Ardito documented that since her last visit, plaintiff's symptoms are worse, specifically noting left maxillary tightness has increased and migrated to her forehead, ear and neck, with some foul smell as she continues to use baby shampoo irrigation daily.

27. On 9/10/14 defendant Ardito advised plaintiff plan to use a compound in a naso-nebulizer for 1 month and if she does not see improvement, to contact him and return for follow-up in 5 weeks.

28. On 10/7/14, plaintiff returned to defendant Ardito reporting that despite compound treatment, she has not experienced an improvement in symptoms and still has left maxillary tenderness and pressure.

29. On 10/7/14 defendant Ardito diagnosed chronic rhinosinusitis and advised she plan to continue compound treatment for at least 1 month.

30. Frustrated by the lack of improvement in her symptoms after her final follow-up with defendant Ardito on 10/7/14, plaintiff accepted she may have to live with the pain, discomfort, discharge, difficulty breathing, pressure sensation, blockage sensation, and foul smell associated with her alleged chronic rhinosinusitis indefinitely.

31. On 6/7/17 plaintiff relocated to Connecticut.

32. After seeing an advertisement for balloon sinuplasty that she hoped could potentially resolve her ongoing signs and symptoms as described in paragraph 30 above, plaintiff sought an opinion from Otolaryngologist Maria Byrne, M.D. of Southern New England Ear, Nose, Throat and Plastic Surgery on 8/29/18.

33. On 8/29/18 Maria Byrne, M.D. documented plaintiff's blockage in the nose for several years, left facial pressure, hard mucus from the nose, and a foul smell with an impact on taste, for which she performed a nasal endoscopy that revealed left ethmoid / maxillary sinusitis, left nasal cavity mucosal erythema, and purulent drainage.

34. On 9/17/18 plaintiff underwent a CT of her face and sinus without contrast, which revealed some mucosal thickening within the left maxillary sinus.

35. On 9/20/18 plaintiff returned to Maria Byrne, M.D. to review her CT results and reported she had finished an antibiotic treatment without improvement and still has a sensation of nasal blockage and facial pressure on the left side.

36. On 9/20/18 Maria Byrne, M.D. suggested possible surgical intervention, which may have to wait until after plaintiff's planned pending knee replacement.

37. On 10/15/18 plaintiff underwent a total knee replacement.

38. On 1/18/19 plaintiff returned to Maria Byrne, M.D. reporting her symptoms were "bad again", facial pressure, left purulent drainage, and postnasal drip with cough, for which she was prescribed clindamycin, Mucinex, normal saline mist, Xlear nasal sprays, and offered the option of surgical intervention, with a plan to schedule a repeat CT of the sinus beforehand.

39. On 4/26/19 plaintiff returned to Maria Byrne, M.D. for an x-ray of the sinus (which revealed left mucosal thickening) and reporting left side sinus infection, left pressure in her cheek, and little improvement post-clindamycin.

40. On 5/10/19 plaintiff returned to Maria Byrne, M.D. for a recheck of her sinuses, reporting she had completed 2 weeks of additional clindamycin and despite treatment, continues to feel pressure in her left cheek with nasal congestion and persistent purulent rhinorrhea.

41. On 5/10/19 Maria Byrne, M.D. performed a repeat nasal endoscopy which revealed a "foreign body, postsurgical sponge, 1x2cm within the middle meatus, left, removed", further documenting "at this point will hold off on surgical intervention. Hopefully removal of the foreign body will resolve chronic sinusitis".

42. On 5/14/19 plaintiff reportedly called defendant Ardito's office and defendant Paoli Hospital to inform them about the surgical sponge / foreign body discovery over 5 years post-operatively.

43. On 6/14/19 plaintiff returned to Maria Byrne, M.D. in follow-up, reporting some continued discomfort but overall improvement, lack of drainage, and increased ability to smell and taste.

## COUNT I

44. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 43 as though they were set forth herein.

45. At all relevant times in his surgical care and treatment of plaintiff, defendant Joseph Ardito, M.D. acted as an agent, apparent agent, and/or employee of defendants Head & Neck Associates of Southeastern Pennsylvania, Pinnacle ENT Alliance, LLC d/b/a Pinnacle ENT Associates, LLC, Main Line Health, Inc., Paoli Hospital, and/or John/Jane Doe Employers, A-Z.

46. Under the doctrine of respondeat superior and/or ostensible agency, defendants Head & Neck Associates of Southeastern Pennsylvania, Pinnacle ENT Alliance, LLC d/b/a Pinnacle ENT Associates, LLC, Main Line Health, Inc., Paoli Hospital, and/or John/Jane Doe Employers A-Z were responsible for the negligent acts committed by defendant Ardito and any damages suffered by plaintiff as a result thereof.

47. In the care and treatment of plaintiff, defendant Ardito, and his defendant employers and/or apparent employers Head & Neck Associates of Southeastern Pennsylvania, Pinnacle ENT Alliance, LLC d/b/a Pinnacle ENT Associates, LLC, Main Line Health, Inc., Paoli Hospital, and/or John/Jane Doe Employers A-Z deviated from the acceptable standard of care and/or breached the obligation of informed consent in the following respects, or in any other such ways as discovery may reveal, and such deviations significantly increased the risk of harm to plaintiff:

   a. Failure to remove each and every AFRIN cottonoid sponge and/or foreign body placed in plaintiff's body during her surgery dated 12/12/13;

b. Failure to ensure timely removal of AFRIN cottonoid sponge and/or foreign body during and/or after plaintiff's surgery dated 12/12/13;

c. Failure to supervise any / all healthcare providers and / or assistants responsible for timely removal of AFRIN cottonoid sponge and/or foreign body during and/or after plaintiff's surgery dated 12/12/13;

d. Failure to detect and/or suspect foreign body despite plaintiff's ongoing signs and symptoms and despite positive cultures indicating infection;

e. Failure to advise plaintiff about the risk of a retained foreign body prior to, during, and/or after her surgery dated 12/12/13;

f. Failure to appropriately manage plaintiff's ongoing otolaryngologic care;

g. Failure to appropriately evaluate and/or treat plaintiff's ongoing signs and symptoms following her 12/12/13 procedure;

h. Failure to recognize the presence of a foreign body following plaintiff's 12/12/13 procedure in a timely manner and/or at all;

i. Failure to diagnose plaintiff with accuracy;

48. As a direct and proximate result of the above said deviations from the acceptable standard of care and/or breach of the obligation of informed consent as aforesaid, defendants Ardito, Head & Neck Associates of Southeastern Pennsylvania, Pinnacle ENT Alliance, LLC d/b/a Pinnacle ENT Associates, LLC, Main Line Health, Inc., Paoli Hospital, and/or John/Jane Doe Employers A-Z substantially increased the risk of harm to plaintiff, causing her to suffer serious and long-term injuries including, but not limited to, conscious and extensive pain and suffering, loss of enjoyment of life, emotional anguish, and other damages, losses and expenses.

**WHEREFORE**, plaintiff demands judgment on this Count against defendants Joseph M. Ardito, M.D.; Head & Neck Associates of Southeastern Pennsylvania; Pinnacle ENT Alliance,

LLC d/b/a Pinnacle ENT Associates, LLC; Main Line Health, Inc.; Paoli Hospital; John/Jane Doe Employers A-Z jointly, severally, or in the alternative, in an amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages for damages, losses, and expenses, together with interest and costs of suit.

## COUNT II

49. Plaintiff repeats each and every allegation contained in paragraphs 1 through 48 as though they were set forth herein.

50. Upon information and belief, at all relevant times, defendants Head & Neck Associates of Southeastern Pennsylvania, Pinnacle ENT Alliance, LLC d/b/a Pinnacle ENT Associates, LLC, Main Line Health, Inc., Paoli Hospital, and/or John/Jane Doe Employers A-Z were the employers of defendant Ardito and the medical providers involved in plaintiff's surgery on 12/12/13, who were acting within the scope of their employment when treating plaintiff beginning on 12/12/13.

51. Upon information and belief, at all relevant times, defendants Head & Neck Associates of Southeastern Pennsylvania, Pinnacle ENT Alliance, LLC d/b/a Pinnacle ENT Associates, LLC, Main Line Health, Inc., Paoli Hospital and/or John/Jane Doe Employers A-Z were the apparent employers of defendants Ardito and the medical providers involved in plaintiff's surgery on 12/12/13, who were acting within the scope of their apparent authority when treating plaintiff beginning on 12/12/13.

52. Defendants Ardito, Head & Neck Associates of Southeastern Pennsylvania, Pinnacle ENT Alliance, LLC d/b/a Pinnacle ENT Associates, LLC, Main Line Health, Inc., Paoli Hospital, and/or John/Jane Doe Employers A-Z, individually and acting through their authorized agents, servants, workmen, healthcare providers, and employees, undertook and/or assumed a duty

to render reasonable, proper, adequate, and appropriate medical care to Elizabeth Kimmel and to avoid harm to her, which duty has been breached by defendants.

53. In the care and treatment of plaintiff, defendants Ardito, Head & Neck Associates of Southeastern Pennsylvania, Pinnacle ENT Alliance, LLC d/b/a Pinnacle ENT Associates, LLC, Main Line Health, Inc., Paoli Hospital, and/or John/Jane Doe Employers A-Z deviated from the acceptable standard of care and/or breached the obligation of informed consent in the following respects, or in any other such ways as discovery may reveal, and such deviations significantly increased the risk of harm to plaintiff:

   a. Failure to remove each and every AFRIN cottonoid sponge and/or foreign body placed in plaintiff's body during her surgery dated 12/12/13;

   b. Failure to ensure timely removal of AFRIN cottonoid sponge and/or foreign body during and/or after plaintiff's surgery dated 12/12/13;

   c. Failure to supervise any / all healthcare providers and / or assistants responsible for timely removal of AFRIN cottonoid sponge and/or foreign body during and/or after plaintiff's surgery dated 12/12/13;

   d. Failure to detect and/or suspect foreign body retention following plaintiff's surgery dated 12/12/13;

   e. Failure to advise plaintiff about the risk of a retained foreign body prior to, during, and/or after her surgery dated 12/12/13;

   f. Failure to appropriately manage plaintiff's surgical and post-operative care;

   g. Failure to recognize the presence of a foreign body following plaintiff's 12/12/13 procedure in a timely manner and/or at all;

   h. Failure to diagnose plaintiff with accuracy;

54.     As a direct and proximate result of the above said deviations from the acceptable standard of care and/or breach of the obligation of informed consent as aforesaid, defendants Ardito, Head & Neck Associates of Southeastern Pennsylvania, Pinnacle ENT Alliance, LLC d/b/a Pinnacle ENT Associates, LLC, Main Line Health, Inc., Paoli Hospital, and/or John/Jane Doe Employers A-Z substantially increased the risk of harm to plaintiff, causing her to suffer serious and long-term injuries including, but not limited to, conscious and extensive pain and suffering, loss of enjoyment of life, emotional anguish, and other damages, losses and expenses.

**WHEREFORE,** plaintiff demands judgment on this Count against defendants Joseph M. Ardito, M.D.; Head & Neck Associates of Southeastern Pennsylvania; Pinnacle ENT Alliance, LLC d/b/a Pinnacle ENT Associates, LLC; Main Line Health, Inc.; Paoli Hospital; and John/Jane Doe Employers A-Z, jointly, severally, or in the alternative, in an amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages for damages, losses, and expenses, together with interest and costs of suit.

## COUNT III

55.     Plaintiff repeats each and every allegation contained in paragraphs 1 through 54 as though they were set forth herein.

56.     In addition to the derivative and vicarious liability of defendants Main Line Health, Inc., Paoli Hospital, and/or John/Jane Doe Employers A-Z for the negligent acts and omissions of its agents, servants, and/or employees who participated in and/or were responsible for the care of Elizabeth Kimmel, defendants also owed direct and non-delegable duties to plaintiff under the tenets set forth in *Thompson v. Nason*, 591 A.2d 703 (1991), and its progeny of case law, including *Welsh v. Bulger*, 698 A.2d 581 (Pa.1997) and *Whittington v. Woods*, 768 A.2d 1144 (Pa. Super. 2001).

57.     The duties of defendants Main Line Health, Inc., Paoli Hospital, and/or John/Jane Doe Employers A-Z included (1) a duty to select and retain only competent physicians; (2) a duty to oversee all persons who practice medicine within its walls as to patient care; and (3) a

duty to formulate, adopt, and enforce adequate rules and policies to ensure quality care for the patients.

58. The corporate (direct) negligence of defendants Main Line Health, Inc., Paoli Hospital, and/or John/Jane Doe Employers A-Z arising out of the medical treatment provided and/or negligently not provided to Elizabeth Kimmel consisted of one or more of the following, of which defendants had actual or constructive knowledge:

   i. Failure to oversee surgeon Joseph Ardito, MD and any / all healthcare providers involved in the evaluation, treatment, surgery, and / or management of plaintiff's care beginning on 12/12/13;

   j. Failure to formulate, adopt, and/or enforce adequate rules and policies to ensure timely, adequate, and appropriate evaluation of Elizabeth Kimmel by hospital staff during her admission dated 12/12/13;

   k. Failure to formulate, adopt, and/or enforce adequate rules and policies to ensure timely, adequate, and appropriate prevention of retained foreign bodies throughout Elizabeth Kimmel's admission dated 12/12/13;

   l. Failure to formulate, adopt, and/or enforce adequate rules and policies to ensure timely, adequate, and appropriate identification of a retained foreign body post-operatively, and to effectively minimize the odds of future medical problems arising therefrom;

   m. Failure to oversee all persons who practice medicine within its walls to ensure Elizabeth Kimmel's 12/12/13 surgery was appropriately performed without the retention of a foreign body, and that she was competently evaluated, assessed, managed, and/or treated.

**WHEREFORE**, plaintiff demands judgment on this Count against defendants Main Line Health, Inc., Paoli Hospital, and John/Jane Doe Employers A-Z, jointly, severally, or in the alternative, in an amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages for damages, losses, and expenses, together with interest and costs of suit.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands upon defendants the following relief:

a. Actual compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000);

b. Pre- and Post – Judgment interest as permitted by law;

c. An award of attorneys' fees as permitted by law;

d. Any and all such further relief as the Court deems just.

Respectfully submitted,

**WEISS & PAARZ, P.C.**

Date: April 30, 2021        By:  s/ Sarah A. Rozalis, Esq.
                                         **Sarah A. Rozalis, Esquire (ID #327890)**
                                         1800 John F. Kennedy Blvd
                                         Suite 906
                                         Philadelphia, PA 19103
                                         (215)-238-9200
                                         (412) 502-2609 (Fax)
                                         Attorneys for Plaintiff

## VERIFICATION

Plaintiff, Elizabeth Kimmel, avers that the allegations contained in the foregoing Complaint are true and correct to the best of her knowledge, information and belief and understand and acknowledge that the statements in said Complaint are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsifications to authorities.

*Elizabeth Kimmel*
Elizabeth Kimmel (Apr 29, 2021 12:00 EDT)

**ELIZABETH KIMMEL**

**Date: April 29, 2021**